FILED
VANESSA L. ARMSTRONG, CLERK

AUG 1 1 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                      PLAINTIFF

vs.                                CRIMINAL NO. 3:11CR-53-S

JAMES W. NOTT                                DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, James W. Nott, and his attorney, Jamie Haworth, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 922(g)(3), 924(a)(2), and 924(d), and Title 26, United States Code, Sections 5841, 5861(d), 5871, 5872 and 2461.

2. Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged. Defendant further acknowledges that the Indictment in this case seeks forfeiture of all firearms and ammunition involved in the commission of the offense, including, but not limited to any combination of parts from which a destructive device may be readily assembled, including electric blasting caps, detonation cord, igniting devices, timed fuses, mercury switches, black powder primers, metal pipe with matching end caps, Tannerite-type material and aluminum powder, inert grenades and grenade components, ammonium nitrate, one Bushmaster BAR-10 .308 caliber rifle, serial no.

BAR000566, and a quantity of .308 caliber ammunition pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461 by reason of the offense charged in Counts 1 and 2 of the Indictment.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2 of the Indictment in this case and will not contest the forfeiture demanded in the forfeiture notice of the Indictment. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea: on or about On April 13, 2011, Nott was stopped by a Meade Co. Sheriff's Deputy who suspected that Nott was driving under the influence. After he had been arrested, he told the deputy that he had explosives at his residence. A search warrant was obtained for Nott's residence. When the warrant was executed, deputies located explosive materials from which a destructive device could be readily assembled, including electric blasting caps, detonation cord, igniting devices, timed fuses, mercury switches, black powder primers, metal pipe with matching end caps, Tannerite-type material, aluminum powder, inert grenades and grenade components, and ammonium nitrate, various lengths of pipe threaded on both ends with matching unattached end caps and a 308 Bushmaster rifle with 19 loaded 20-round magazines 2 dry marijuana plants and a bong for smoking marijuana. In a Mirandized statement, the defendant admitted that he had constructed a number of destructive devices which he detonated on a friends property. The defendant also admitted to being a regular user of marijuana. A search warrant was obtained for a hair specimen from the defendant, which tested positive for THC, the active ingredient in marijuana.

4. Defendant understands that the charges to which he will plead guilty carry a combined maximum term of ten (20) years, a combined maximum fine of $500,000 and up to a

three (3) year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

(a) If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(b) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the

Court.

 (c) At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Indictment counts to which he pleads guilty.

8. Defendant understands that the United States will inform the court that restitution is not applicable in this case.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office on the date of sentencing.

10. At the time of sentencing, the United States and the defendant will:

> -agree that a total offense level of 19 is the correct and appropriate total offense level applicable to the defendant and that the appropriate sentence to be imposed by the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure should be the lowest end of the guideline range that results from combining a total offense level of 19 with the defendant's Criminal History Category as determined by the United States Probation Office.
>
> -agree that this plea agreement is pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and is binding upon the Court should the Court accept the plea agreement. Should the Court reject the plea agreement, both

parties will be relieved of their obligations under this agreement, in other words the defendant will be permitted to with draw his plea and the United States will be free to try the defendant for the offenses charged the Indictment as well as any other applicable charges.

-recommend a fine at the low end of the applicable Guideline Range, to be due and payable on the date of sentencing, if the presentence report determines that the defendant has the ability to pay a fine..

-recommend a reduction of up to 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.

-demand forfeiture of all firearms and ammunition involved in the offense, including but not limited to any combination of parts from which a destructive device may be readily assembled including but not limited to electric blasting caps, detonation cord, igniting devices, timed fuses, mercury switches, black powder primers, metal pipe with matching end caps, Tannerite-type material, aluminum powder, inert grenades and grenade components, and ammonium nitrate, various lengths of pipe threaded on both ends with matching unattached end caps and a 308 Bushmaster rifle, serial no. BAR000566, with 19 loaded 20-round magazines.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

   A. The Applicable Offense Level for Count 1 of the Indictment should be determined as follows:

**Count 1- 26 U.S.C. § 5861:**

| | |
|---|---|
| Base Offense Level<br>(U.S.S.G. § 2K2.1(a)(4)(B)) | 20 |

**Count 2 -18 U.S.C. § 922(g)(3):**

| | |
|---|---|
| Base Offense Level<br>(U.S.S.G. § 2K2.1(a)(4)(B)) | 20 |

<u>Specific offense characteristics</u>:

| | |
|---|---|
| offense involved a destructive device other than a destructive device described in U.S.S.G. § 2K2.1(b)(3)(A). (U.S.S.G. § 2K2.1(b)(3)(B)) | +2 |
| <u>Adjusted offense level</u> | 22 |
| <u>Acceptance of responsibility</u>: (U.S.S.G. §3E1.1(a) and (b)) | -3 |
| **TOTAL OFFENSE LEVEL** | **<u>19</u>** |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c)(2). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction, the resulting sentence, and any

claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise if the Court accepts the plea agreement and the sentencing recommendation set forth in this Agreement. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(C), the plea agreement is binding on parties, and on the Court if the Court accepts the plea agreement. In other words, the Court is bound by the sentencing recommendation and must give the defendant the opportunity to withdraw his guilty plea if the Court rejects the plea agreement and decides not to accept the sentencing recommendation set forth in this Agreement.

14. By this Agreement, defendant agrees to forfeit all interest in the all firearms and ammunition involved in the offense, including but not limited to all firearms and ammunition involved in the commission of the offense, including, but not limited to any combination of parts from which a destructive device may be readily assembled, including electric blasting caps, detonation cord, igniting devices, timed fuses, mercury switches, black powder primers, metal pipe with matching end caps, Tannerite-type material and aluminum powder, inert grenades and grenade components, ammonium nitrate, one Bushmaster BAR-10 .308 caliber rifle, serial no. BAR000566, and a quantity of .308 caliber ammunition, and to take whatever steps are necessary to pass clear title to the United States.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

17. This document and the supplemental plea agreement state the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case. This Plea Agreement is binding on the parties to this Agreement and on the Court, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing and signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

(Signatures of the parties and counsel are contained on page 9 of the agreement)

By:

_____    ___8/11/2011___
THOMAS W. DYKE                                             Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____    ___8/11/11___
JAMES W. NOTT                                              Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.


_____    ___8/11/11___
JAMIE HAWORTH                                              Date
Counsel for Defendant

DJH:TWD:8/3/11

9